UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Reverend Doctor Beck, *Phd*, | File No. 23-cv-3863 (ECT/DLM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| William Pelham Barr; John G. Roberts; Lavenski R. Smith; John R. Tunheim; David S. Doty; Richard H. Kyle; Michael J. Davis; Ann D. Montgomery; Donovan W. Frank; Erica H. MacDonald; James A. Crowell; Stephen Boyd; Paul Schnello; and Paul A. Magnuson, | |
| Defendants. | |

---

Plaintiff Reverend Doctor Beck, PhD, has initiated the above-captioned civil matter. ECF No. 1. Plaintiff is *pro se* and requests to proceed *in forma pauperis* (IFP). ECF No. 3. Plaintiff's IFP application is therefore subject to preservice review pursuant to 28 U.S.C. § 1915(e).

Upon that review, I find Plaintiff qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons

proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff claims that in 1999, when he was in the custody of the Minnesota Department of Corrections ("DOC"), he initiated a civil rights action in this District because the DOC and St. Joseph's Hospital in St. Paul, Minnesota required him to sign a "release of liability" form to receive hernia surgery. *See* Compl. [ECF No. 1] at 5; *see also Beck v. Skon*, Case No. 99-cv-826 (JMR/JJG) (D. Minn. May 27, 1999) (*Beck I*). On remand from the United States Court of Appeals for the Eighth Circuit, the District Court granted the Defendants' motion for summary judgment and dismissed the case. *Beck I* (ECF No. 339). The Eighth Circuit affirmed. *Beck v. Skon*, 226 F. App'x 648 (8th Cir. 2007) (per curiam).

The core of Plaintiff's current Complaint is that his rights were violated in those proceedings. *See generally* Compl. Plaintiff claims that while he ultimately received the hernia surgery without first signing a release of liability, he required two more surgeries and is now sterile. *Id.* at 6. Five of the defendants named to this action are judicial officers who presided over *Beck I* at some point during its ten-year litigation history: District Court Judge Donovan W. Frank, *see Beck I* (ECF No. 1); District Court Judge Richard H. Kyle, *see id.* (ECF No. 68); District Court Judge Michael J. Davis, *see id.* (ECF No. 352); District Court Judge David S. Doty, *see id.* (ECF No. 365); and District Court Judge Paul A. Magnuson, *see id.* (ECF No. 366). Upon review of the Complaint and *Beck I*, it is unclear how the remaining nine defendants were involved in *Beck I*.[1] In any event, Plaintiff's Complaint fails for several reasons.

First, the judicial officers involved in *Beck I*—District Court Judges Doty, Kyle, Davis, Frank, and Magnuson—are immune from suit. *See Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 759 (8th Cir. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)). Judicial immunity applies in all but two limited circumstances. *See id*. at 760. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for

---

[1] Plaintiff names Stephen Boyd as a defendant to this action. Compl. Thomas Boyd was appointed to represent Plaintiff at the United States Court of Appeals for the Eighth Circuit. *See Beck*, 253 F.3d at 330. Because Plaintiff has failed to state a claim, it is not necessary for the Court to resolve whether Plaintiff's reference to a "Stephen" Boyd is a typographical error.

actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)).

Plaintiff initiated *Beck I* in federal district court, alleging that the defendants violated his civil rights pursuant to 42 U.S.C. § 1983. *Beck I* Compl. (ECF No. 1). The judicial officers who presided over *Beck I* clearly had jurisdiction to consider Plaintiff's claims. *See* 28 U.S.C. § 1331 (establishing that federal courts have jurisdiction over cases involving a federal question). Furthermore, those judicial officers acted within the scope of their jurisdiction in entering orders related to that case. There are no allegations, moreover, that these judicial officers engaged in any non-judicial actions outside the scope of their jurisdiction.

Plaintiff also identifies Chief Supreme Court Justice John G. Roberts, United States Court of Appeals for the Eighth Circuit Chief Judge Lavenski R. Smith, Minnesota District Court Senior Judge John R. Tunheim, and Minnesota District Court Senior Judge Ann D. Montgomery as defendants to this action.[2] Plaintiff's Complaint fails to articulate any specific claims against these judicial officers. To the extent that Plaintiff identifies these judicial officers as defendants because they were directly involved in *Beck I* or simply on the Bench at the same time *Beck I* was being decided, they are likely immune from suit for their involvement for the reasons articulated above. To the extent that Plaintiff has identified them as defendants for some reason outside of their role as judicial officers, Plaintiff's Complaint fails to articulate what this reason might be. Indeed, aside from

---

[2] Senior Judge Tunheim and Senior Judge Montgomery did not take senior status until after final judgment had been entered in *Beck I*.

4

listing them as defendants in the case caption, Plaintiff does not mention them again at all in the body of the Complaint. *See generally* Compl. While *pro se* complaints are to be liberally construed, a district court "is not required to divine the litigant's intent and create claims that are not clearly raised [or] conjure up unpled allegations." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (quotation omitted). Accordingly, Plaintiff's claims against the judicial officer defendants fail as a matter of law because they are either immune from suit or Plaintiff has failed to establish any plausible claim of action against them.

Second, Plaintiff has failed to establish a cognizable claim against any of the remaining defendants to this action: William Pelham Barr, Erica H. MacDonald, James A. Crowell, Stephen Boyd, and Paul Schnello.[3] On the face of the Complaint, Plaintiff asserts a cause of action under 42 U.S.C. § 1983. *See* Compl. To establish a claim under § 1983, a plaintiff must allege a "violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). Further, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quotation omitted). Plaintiff has failed to establish any facts to suggest what these defendants did (or did not do) in violation of his constitutional rights.

---

[3] Plaintiff's exhibits include 14 forms he purportedly filed to initiate Federal Tort Claims Act (FTCA) claims against each of the named Defendants to this action. In one such form, he identified "Paul Schnell, Commissioner of the Minnesota Department of Corrections" as a defendant. *See* ECF No. 1-1 at 14. Because Plaintiff's Complaint—even when liberally construed—fails to establish any plausible claim, it is irrelevant whether Plaintiff intended to name Paul Schnell as a defendant to this action and "Paul Schnello" is a typographical error.

5

Furthermore, Plaintiff has failed to articulate any facts to suggest what constitutional right was allegedly violated. Thus, Plaintiff's § 1983 claims fail as a matter of law.

Notably, former United States Attorney General William Pelham Barr and former United States Attorney for the District of Minnesota Erica H. MacDonald, are *federal*—not state—actors. Thus, § 1983 clearly does not apply to them. Although *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), establishes an incredibly limited implied cause of action against federal officials for their constitutional torts, because Plaintiff has failed to articulate any facts to suggest what these federal defendants did (or did not do) allegedly in violation of his constitutional rights, Plaintiff's claims would similarly fail under *Bivens*.[4]

Finally, Plaintiff's Complaint references the Federal Tort Claims Act (FTCA). Indeed, the exhibits in support of Plaintiff's Complaint include what appear to be fourteen FTCA claim forms against each of the Defendants named to this action. To the extent that Plaintiff is bringing a cause of action under the FTCA, such a claim fails as a matter of law.

The FTCA establishes a "limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the *United States* for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir.

---

[4]   *Bivens* actions are governed by the same statute of limitations as § 1983 actions. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). In Minnesota, that limitations period is six years. *See Anunka v. City of Burnsville*, 534 F. App'x 575, 576 (8th Cir. 2013) (per curiam) (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 61, 618 n.3 (8th Cir. 1995)). More than twenty years have elapsed since Plaintiff initiated *Beck I*, and more than ten years have passed since judgment was entered in that case. *See generally Beck I*. Along with the deficiencies noted above, Plaintiff's § 1983 and *Bivens* claims are likely time-barred.

2011) (emphasis added).  As a threshold matter, to the extent that Plaintiff endeavors to file FTCA claims against federal judicial officers, those defendants are likely immune from suit for the reasons outlined above.  More to the point, however, the proper defendant to a FTCA action is the *United States*.  The United States is not named as a defendant here.  Even if it were, "[a] tort claim against the United States is barred unless the plaintiff files an administrative claim within two years after the claim accrues."  *Ryan v. United States*, 534 F.3d 828, 831 (8th Cir. 2008) (citing 28 U.S.C. § 2401(b)).  Plaintiff asserts in the Complaint that he submitted the FTCA claims in July 2019, *see* Compl. at 4, but the forms themselves are dated December 11, 2023, *see* ECF No. 1-1 at 6–19.  Further, "[t]he text of the FTCA unambiguously commands that a plaintiff must administratively exhaust [his] remedies before filing suit in federal court."  *King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)).  Presentment—or the exhaustion of administrative remedies—"is a jurisdictional prerequisite to filing an FTCA action in federal court."  *Id.* (internal citation omitted).

     Here, each of Plaintiff's purported FTCA claims forms is dated December 11, 2023.  ECF No. 1-1 at 6–19.  Plaintiff filed this action in this District on December 20, 2023, less than two weeks later.  *See* Compl.  Thus, on top of the deficiencies already mentioned, it is highly unlikely that Plaintiff properly exhausted his administrative remedies under the FTCA before initiating this action.  Assuming Plaintiff filed the forms in July 2019 as pleaded in the Complaint, even if he first properly presented his claims to the appropriate administrative remedies, July 2019 was over four years ago.  Thus, his FTCA claims are likely time-barred.

7

In sum, upon close review of the Complaint, this Court finds that the Complaint—even when liberally construed—fails to articulate any facts or law from which this Court can discern a valid cause of action. Accordingly, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the IFP application will be denied as moot. Plaintiff's Motion to Appoint Counsel, [ECF No. 2], is similarly denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED** with prejudice.
2. Plaintiff's IFP Application [ECF No. 3] is **DENIED** as moot.
3. Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 5, 2024              s/ Eric C. Tostrud
                                    Eric C. Tostrud
                                    United States District Court